UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DWAYNE REED,

        Plaintiff,                  Case No. 2:17-cv-156

v.                                        Honorable Robert J. Jonker

CORIZON et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Corizon and Michigan Department of Corrections Bureau of Health Care. The Court will serve the complaint against Defendants Buchanan and Headley.

**Discussion**

I. **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Michigan. The events about which he complains, however, occurred at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues Corizon, Michigan Department of Corrections Bureau of Health Care (MDOC-BHCS), Nurse Practitioner Brenda Buchanan, and Nurse Unknown Headley.

Plaintiff alleges that on September 22, 2016, he fell while in quarantine, but was not taken to the hospital. Plaintiff was already considered disabled and required a cane. Plaintiff was issued a medical detail for a wheelchair when going any sort of distance. After this incident, Plaintiff was transferred to URF.

On December 5, 2016, Defendant Buchanan cancelled Plaintiff's wheelchair detail because she did not believe that Plaintiff required it. Plaintiff states that Defendant Buchanan spoke to him in a rude and demeaning manner. On December 30, 2016, Plaintiff was exiting the dining room on the east side of URF when he slipped and fell on the sidewalk, which was covered in ice. Plaintiff landed on his back and hip, and also struck the back of his head on the sidewalk. Plaintiff lost consciousness and when he regained awareness, three officers were helping him into Health Services.

Once inside Health Services, Defendant Headly began asking Plaintiff questions. Plaintiff's vision was blurred and he was unable to make out what Defendant Headley was saying. At this point, Defendant Headley began yelling at Plaintiff in an angry tone. Defendant Headley gave Plaintiff a hot water bottle and a package of Motrin, but then took the hot water bottle back

after falsely asserting that Plaintiff already had one. Defendant Headley then screamed at Plaintiff to "get out," and sent Plaintiff across the ice covered sidewalk back to his cell without any assistance, despite Plaintiff's extreme dizziness. On December 31, 2016, Plaintiff filed a grievance complaining that he was being denied necessary pain medications for his back, knee, and head injury, and that he was still being denied a wheelchair.

Plaintiff claims that following his accident, he was in so much pain that he could barely walk to the medication line or to meals and that on January 1, 2017, Plaintiff suffered from chest pains. Plaintiff was taken to War Memorial Hospital, where he received an EKG and a chest x-ray. The doctor told Plaintiff that he was suffering from a bruised chest due to the fall. Plaintiff described his symptoms and the doctor wrote a prescription for Toradol for pain, Robaxin for rib pain, and Antivert for dizziness. Once back at URF, Defendant Headley told Plaintiff that no medications had been ordered. Plaintiff never received any medications.

On January 3, 2017, Plaintiff was seen by Defendant Buchanan, who asked Plaintiff about the medications he was taking and the location of his pain. Plaintiff told Defendant Buchanan that his back, neck, hip, knees, and arm were "messed up," and that he had difficulty understanding conversations since his head injury. Plaintiff also stated that he could only stand for two to three minutes before his back pain became unbearable and that his hip hurt continuously. Defendant requested a review of Plaintiff's hip x-ray. On January 7, 2017, Defendant Buchanan reissued Plaintiff's wheelchair detail. Defendant Buchanan told Plaintiff that the fall had affected blood flow to Plaintiff's hip and that he would likely need a hip replacement.

On May 17, 2017, Plaintiff had hip replacement surgery at Bronson Hospital. Plaintiff claims that surgery was required because of the delay in treatment after his fall on December 30, 2016. Plaintiff states that he continues to suffer from pain and dizziness and that he

is still being denied needed pain medication and the assistance of a wheelchair. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

    II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed

4

by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, the Court notes that Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections Bureau of Healthcare Services. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections Bureau of Healthcare Services.

The Court further notes that Defendant Corizon is not vicariously liable for the actions of its employees and, therefore, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). To impose liability against Corizon, Plaintiff must demonstrate that he suffered a violation of his federal rights "because of" a Corizon policy or custom. *See Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). Plaintiff can demonstrate the existence of such a policy or custom in one of several ways: (1) prove the existence of an illegal official policy; (2) establish that an official with final decision making authority ratified illegal actions; (3) demonstrate that there existed a policy of inadequate training or supervision; or (4) establish that there existed a custom of tolerance or acquiescence of federal rights violations. *Ibid*. Plaintiff's complaint contains no factual allegations that, even if accepted as true, would satisfy any of these requirements. Therefore, Defendant Corizon is properly dismissed.

Following a review of Plaintiff's complaint, the Court concludes that his Eighth Amendment claims against Defendants Buchanan and Headley are not clearly frivolous and may not be dismissed on initial review.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Corizon and Michigan Department of Corrections Bureau of Health Care will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Buchanan and Headley.

An Order consistent with this Opinion will be entered.


Dated:   April 18, 2018            /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   CHIEF UNITED STATES DISTRICT JUDGE