UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DWAYNE REED,

        Plaintiff,

CASE NO. 2:17-CV-156

v.

HON. ROBERT J. JONKER

BRENDA BUCHANAN, *et al.*,

        Defendants.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation in this matter (ECF No. 66), Plaintiff's Objections (ECF No. 69), and Defendant Buchanan's Response (ECF No. 73.) Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; Plaintiff's Objections; and Defendant Buchanan's Response. The Court finds the Magistrate Judge's Report and Recommendation, which recommends summary judgment in favor of Defendants Headley and Buchanan, factually sound and legally correct.

The Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law. Plaintiff's objections do not address the Report and Recommendation in a persuasive way. Plaintiff's substantive objection to the medical records does not affect the analysis. Of course the evidence has to be admissible at trial, but there is nothing of record to cast any doubt on the authenticity of Plaintiff's medical records while in custody, or the ability, if necessary, to lay a foundation under Federal Rule of Evidence 803(b). Nor does Plaintiff deny the accuracy of what the records report. Magistrate Judge Vermaat properly found that Defendants Headley and Buchanan are entitled to summary judgment in their favor on the merits of Plaintiff's deliberate indifference claims.[1] None of Plaintiff's objections change the fundamental analysis in this matter. Summary judgment in favor of Defendants Buchanan and Headley is appropriate, for the very reasons the Report and Recommendation details.

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 66) is **APPROVED AND ADOPTED** as the opinion of the Court.

2. Defendants Buchanan and Headley's Motions for Summary Judgment (ECF Nos. 39 and 43) are **GRANTED**.

---

[1] In his Objections, Plaintiff states that if Plaintiff failed to exhaust his administrative remedies as to Defendant Buchanan, the Court should dismiss Defendant Buchanan from the case without prejudice. Because Defendant Buchanan is entitled to summary judgment in her favor on the merits, dismissal with prejudice is appropriate.

3. For the same reasons that the Court dismisses Plaintiff's claims, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).

Dated: September 12, 2019  /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE